The Honorable Shirley Brown Representative, District 69 508 So. Pineapple Sarasota, Florida 34236
Dear Representative Brown:
You ask substantially the following question:
Are there statutory provisions currently in existence which might be used to regulate the conduct of protestors at abortion clinics in this state?
In sum:
There are various statutes imposing criminal penalties which, under the appropriate circumstances, may be applicable to the conduct of protestors at abortion clinics.
In March of this year, this office, in conjunction with the Governor, prepared a letter to law enforcement agencies which sets forth legal authority for those agencies to regulate the conduct of demonstrators at abortion clinics.[1] The letter sets forth those statutes which this office has suggested local law enforcement agencies may rely upon to control these potentially volatile situations. The letter states:
The recent homicide of a physician in Pensacola will likely heighten tensions surrounding protests directed at abortion clinics. Regardless of how any individual may feel about this most divisive of social issues, violence must be condemned and prevented. This is not an acceptable method for dispute resolution.
Florida must recognize First Amendment rights for free speech and assembly, but we must also protect the rights of people to use legal medical facilities.
In the days and weeks ahead, your deputies and officers may be called upon to respond to potentially volatile situations. For this reason, we would like to note some of the statutes that may be of use in addressing these situations: Section 836.05 — Threats; extortion.
It is a second degree felony to maliciously threaten an injury to a person, property or reputation of another person by means of written or printed communication. Where individuals have received hate mail or had their public property vandalized by means of graffiti spelling out threatening messages the statute may be useful.
Section 836.10 — Written threats to kill or do bodily injury; punishment.
This statute provides that it is a felony of the second degree to write or compose and send or direct the sending of a threatening communications to another person.
Section 838.021 — Corruption by threat against public servant.
Any person who threatens to unlawfully harm a public servant or their family member or other person in whose welfare the public servant is interested is guilty of a felony of the third degree. If the person actually harms the public servant or another person, the felony becomes one of the second degree. This provision may be useful if undue influence is utilized against any public officer or employee of government, whether they are elected or appointed to office, including but not limited to judges, county commissioners, or members of the Executive Branch, if such activity is undertaken in an effort to frustrate or influence the performance of a public duty. In situations whereby health inspectors are seeking to inspect clinics and are subject to harms or threats to themselves or to their families this provisions would be applicable.
Chapter 843 — Obstructing justice.
This includes the offenses of resisting an officer with violence to his person and resisting an officer without violence to his person. These provisions are selfexplanatory.
Chapter 784 — Assault and battery, culpable negligence.
Obviously, intentional unlawful threats by word or act to do violence to the person of another coupled with an apparent ability to do so followed by some act which creates a well-founded fear in another person constitutes a second degree misdemeanor under Section 784.011. If an assault is committed with a deadly weapon, the penalty is raised to a felony in the third degree. Section784.03 and 784.045 cover instances of battery or aggravated battery. Perhaps not as well-known is a fairly recent enactment of the Legislature, Section 784.06 which includes the ability of a victim of repeat violence to obtain a protective injunction and outlines the powers and duties of the court. While this section is directed towards repeat acts of domestic violence, it does contain language outlined in subsection 2(a) allowing any person who has been victimized repeatedly to proceed to circuit court, file a sworn petition and obtain an injunction.
Chapter 806 — Arson and criminal mischief. Given the unfortunate prior incident of fire bombing in the Pensacola area and other acts of violent acts against property, your officers should be made award of the provisions of Chapter 806 regarding arson, criminal mischief, fire bombs and the prevention or obstruction of extinguishment of a fire. The range of penalties outlined under Chapter 806 span from misdemeanor to felonies of the second degree.
Chapter 810 — burglary and trespass. Your officers will commonly be confronted by individuals who willfully trespass upon private property. While trespassing is generally a misdemeanor offense, it is a felony of the third degree if the trespasser is armed with a firearm or other dangerous weapon during the commission of the offense.
Section 837.05 — False reports to law enforcement authorities. This provision makes it a first degree misdemeanor to knowingly give false information to any law enforcement officer concerning the alleged commission of any crime. Should officers be involved in attempting to sort out participants in a maylay and be misled by potential witnesses or other parties to the dispute, this would be an available mechanism to assist law enforcement.
Section 784.048, F.S. 1992 — Stalking. This relatively new provision to Florida law provides a variety of punishments that can be imposed against individuals who harass others by engaging in a course of conduct that causes substantial emotional distress in the person targeted for no legitimate purpose and also creates a felony of the third degree for any person to willfully, maliciously and repeatedly harass another person and make a credible threat with the intent to place the victim in reasonable fear of death or bodily injury. Additionally, if an injunction has been obtained as outlined in Section 784.046, as discussed above, or after any other court-imposed prohibition of conduct towards a subject person or persons or that person's property, there continues a course of conduct which includes knowing, willful, malicious and repeated harassment of another person. There is a violation of the offense of aggravated stalking which is a third degree felony. Lastly, and significantly, subsection (5) of this law provides "any law enforcement officer may arrest, without a warrant, any person he or she has probable cause to believe has violated the provisions of this section." NOTE: Section 748.048(1)(a), (b), (2) and (5) have been declared unconstitutional in Broward County.
The Florida Department of Law Enforcement and the Office of the Attorney General are available to assist you with training and providing expertise in how to appropriately apply these statutes to unlawful acts regarding the clinics, their staffs and members of the public visiting them. You may contact FDLE Commissioner Tim Moore for further information on these training opportunities.
We pledge the full support of the Office of the Governor and the Office of the Attorney General in assisting you in your duties in regard to these problems. It is our expectation that those of you on the front line of law enforcement will rise to the challenges which surround the abortion issue and that your efforts to maintain the peace can be accomplished without risk of harm to your officers and deputies and private citizens.
In addition, you appear to have some question regarding the penalties to be imposed for violations of ss. 316.2045 (1) and (2), and 316.2055, F.S. Section 316.2045, F.S., makes it unlawful to obstruct public streets, highways, and roads; s. 316.2055, F.S., provides that it is unlawful for any person to throw advertising or soliciting materials into a motor vehicle or to offer such material to the occupant of a motor vehicle.
Section 316.2045(1), F.S., states that "any person or persons who violates the provisions of this subsection, upon conviction, shall be punished as set forth in s. 316.655." Section 316.655, F.S., is a penalty provision and makes violations of any of the provisions of Ch. 316, F.S., except certain specified criminal offenses, infractions. This section also establishes a number of penalty options for these infractions.[2] Those violations which do not result in a hearing are subject to civil penalties as provided in ss. 318.18 or 316.3025, F.S. If such infractions do result in a hearing, a penalty not to exceed 500 may be assessed.[3]
Violations of s. 316.2045(2), F.S., are misdemeanors of the second degree punishable both by fine and by imprisonment as set forth in ss. 775.082 or 775.083, F.S. For the conviction of such crimes, imprisonment may not exceed 60 days and the fine imposed may not exceed 500.
Like violations of s. 316.2045(1), F.S., as discussed above, violations of s. 316.2055, F.S., are punishable as set forth in s.316.655, F.S. You may wish to consult with the local State Attorney on this matter as he or she would be a primary resource for information on criminal penalties for the violation of particular statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
Enclosures
[1] Letter to Carl Summerall, Chief of Police of the Howey-in-the-Hills Police Department from Lawton Chiles, Governor, and Robert Butterworth, Attorney General, dated March 12, 1993.
[2] Section 316.655(1), F.S.
[3] Section 316.655(3), F.S.